An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES ANTHONY DAVIS,
Appellant,
vs.
THE STATE OF NEVADA; LOVELOCK
CORRECTIONAL CENTER; ROBERT
LEGRAND, WARDEN; G. BYRNE; AND
E. EMMANUEL,
Respondents.

No. 60901

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing a civil rights action. Sixth Judicial District Court, Pershing County; Richard Wagner, Judge.

Before the district court, appellant raised several claims against respondents under 42 U.S.C. § 1983. Finding that respondents possessed qualified immunity and that appellant failed to sufficiently allege the elements of his claims, the district court granted respondents' motion to dismiss for failure to state a claim on which relief could be granted in accordance with NRCP 12(b)(5).

This court reviews a district court's order granting a motion to dismiss under NRCP 12(b)(5) de novo. *Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). Dismissal for failure to state a claim is appropriate when, accepting plaintiff's allegations as true and drawing all inferences in plaintiff's favor, plaintiff can prove no set of facts that would entitle him to relief. *Id.* The district court may find an official entitled to qualified immunity under federal law after determining (1) whether there has been a constitutional violation and (2) whether the right was clearly established. *Butler v. Bayer*, 123

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15696

Nev. 450, 458-59, 168 P.3d 1055, 1061-62 (2007); *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009) (recognizing that a plaintiff must satisfy these two elements but that a reviewing court may address the second element first).

On appeal, appellant argues that the district court erred in granting dismissal by applying a two-step test for qualified immunity because a reasonable person would have known that the conduct in question violated appellant's rights. We perceive no error in the district court's analysis, as the district court correctly determined that appellant's allegations, even if accepted as true, failed to demonstrate that respondents violated his constitutional rights, much less that appellant had clearly established constitutional rights that were violated.[1] *Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672; *Pearson*, 555 U.S. at 232, 236; *see Davis v. Scherer*, 468 U.S. 183, 197 (1984) (concluding that a § 1983 plaintiff bears the burden of overcoming the defendant's qualified immunity by showing that his constitutional rights were clearly established). We therefore conclude that the district court did not err in finding that qualified immunity applied. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Hardesty

_____ , J.    _____ , J.
Douglas                            Cherry

---

[1]In reaching this conclusion, we have given individual consideration to each of appellant's claims.

cc: Hon. Richard Wagner, District Judge
James Anthony Davis
Attorney General/Carson City
Pershing County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A